VOROS, Associate Presiding Judge
(concurring):
T16 I concur in the majority opinion. I write separately only to explain why, in my judgment, Mahmood v. Ross, 1999 UT 104, 990 P.2d 933, does not require affirmance.
17 The present case does resemble Mah-mood. In both cases, the plaintiffs of their own volition moved from a bad situation caused by defendants to another situation that also came to a bad end. However, Mahmood's loss was within his control, and in fact resulted from his own action. He defaulted on the Equitable loan even though he could have sold half the property, made the balloon payment, and retained the other half of the property. See id. ¶¶ 36-37. "This evidence," the supreme court concluded, "not only demonstrates that Mahmood failed to mitigate his damages, but it also shows that Ross's default did not cause Mabhmood's loss of the ... property." Id. ¶ 37. That Mah-mood could have prevented his own loss is thus central to the rationale of Mahmood.
118 Atlas points to no equivalent act on the part of the Hardings. While Mahmood lost his property because he defaulted, the Hardings maintain that they lost their security interest in the Final Property because Pecan Ridge defaulted. I would not extend the holding of Mahmood to a situation where plaintiffs could not prevent their loss. Of course, Defendants are free on remand to *1267 contend that the Hardings are at least partially to blame for their damages. Even the Hardings recognize that "[ilf the Hardings failed to mitigate damages or contributed to the loss, the jury needs to determine the extent of the Harding[s'] fault and what effect that has on damages."